USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-7-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE ESTATE OF MICHAEL HEISER, deceased, et al.,

       Petitioners,

v.

REDACTED THIRD PARTY GARNISHEE,

       Respondent.
------------------------------------------------------------x

Case No: 19-CV-11078 (LAP)

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, in the above-referenced proceeding (the "Action"), Petitioners are seeking information in connection with their effort to enforce the judgment entered in their favor in the United States District Court for the District of Columbia, and as registered in this Court (the "Judgment");

WHEREAS, in connection with that effort, Petitioners are seeking the production of documents relating to blocked assets in which the Islamic Republic of Iran, the Iranian Ministry of Information and Security and the Iranian Islamic Revolutionary Guard Corps. and their agencies and instrumentalities have or may have a property interest that are maintained with the Respondent (the "Bank");

WHEREAS, the documents sought may contain customer financial information and other confidential information; and

WHEREAS, the Bank is prepared to produce certain documents subject to a confidentiality agreement and protective order.

**IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

The following procedures shall govern the production and exchange of all documents and other information produced, given, or exchanged by the parties who have joined in this Stipulation during the course of the Petitioners' enforcement proceeding.

A.  Counsel for any person or entity subject to discovery in this enforcement proceeding (the "Producing Party") may designate any documents, discovery responses, or other information taken, given, or exchanged in the course of discovery in the enforcement proceeding as "Confidential" (hereinafter "Confidential Documents" or "Confidential Information") when the Producing Party in good faith believes that such documents, discovery responses, or confidential information constitute Confidential Information (i) by operation of applicable legal principles or (ii) because it concerns clients or customers of the Producing Party, including correspondent banking customers or financial information, trade secrets, or otherwise private or confidential information which requires the protection provided in this Order. Confidential Information includes, but is not limited to, the following kinds of information: non-public customer financial information of any kind; wire transfer information; non-public customer information related to the organization, structure, operations, or performance of the customer or Producing Party and non-public communications related thereto; non-public lists showing customers, clients, Transaction Parties (as hereinafter defined), affiliates, or customers of a particular institution; and non-public documents or information reflecting account information by account or in the aggregate.

B.  Subject to section M below, the names of persons, organizations, or entities who hold or have held assets, or who are or have been parties to wire transfers that have resulted in blocked assets ("Transaction Parties"), the addresses of these Transaction Parties or their status as Transaction Parties, if identified in any such Confidential Information, or any other information

- 2 -

pertinent to, or necessary for, the execution upon or attachment of assets may be referred to in pleadings and court papers relating to any enforcement proceeding directed against any such assets or Transaction Party (and may be referred to in oral submissions to a court), and such funds or other blocked assets may be made subject to the enforcement proceedings contemplated by the plaintiff-judgment creditor, provided such Confidential Information is filed under seal in any such proceedings. For the avoidance of doubt, Confidential Documents, Confidential Information, and Confidential Documents concerning any Transaction Party or customer and designated as Confidential shall remain confidential and be filed with the Court under seal in the event it becomes necessary to bring such documents to the attention of the Court (unless the information is redacted to omit or otherwise protect account information for those customers and/or Transaction Parties which are not the subject of the specific enforcement proceedings).

C.      Confidential Documents and Confidential Information may be used by the party receiving such information (the "Receiving Party") solely for purposes of enforcing or satisfying the Judgment and any enforcement proceedings relating thereto. Confidential Documents and Confidential Information received by such party may not be used for any other purpose or by any other person or entity (each a "Person") for any other purpose.

D.      Any documents or other materials to be designated as Confidential Documents or Confidential Information shall be so-designated by stamping the same with the legend "Confidential" or a substantially similar legend at the time of production. Confidential status shall extend only to such page of a document stamped with the legend "Confidential." Inadvertent failure to designate materials as confidential at the time of production may be remedied by supplemental written notice and/or the production of copies of properly stamped documents.

EAST\172081123.1

E. Inadvertent disclosure of materials that are subject to the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery shall not constitute a waiver of, or an estoppel as to any claim of such privilege or protection, and any Person who has received such materials shall, upon learning that such materials are subject to a claim of privilege, either (a) immediately return such materials to the Person that produced them or (b) promptly notify counsel, in writing, of its possession of such materials and immediately cease to use such materials for any purpose until obtaining consent of the producing Person or an appropriate order from the Court.

F. Confidential Information shall not be disclosed by the Receiving Party to any Person other than:

1. counsel and co-counsel for the Receiving Party, including paraprofessional and clerical personnel who are employees of such counsel;

2. the Receiving Party's outside vendors who perform photocopy, microfiche, and other functions related to the action, but only for so long as necessary for such vendors to perform those services and provided that they are advised in writing of the confidential nature of the materials involved;

3. the Court and persons employed by the Court, including stenographers;

4. the Petitioners;

5. any expert or consultant retained by the Receiving Party's counsel;

6. any Person to whom Confidential Information pertains, provided, however, that only that Confidential Information that pertains to such Person may be disclosed to such Person; and

7. individuals to whom disclosure is reasonably necessary to the enforcement of the judgment in this matter.

Any Person described in paragraphs 4, 5, and 7 above to whom Confidential Documents or Confidential Information may be shown shall agree, by signing a writing in the form of Appendix

A hereto before such disclosure (each such agreement, a "Consent"), to be bound by the terms of this Confidentiality Agreement and Protective Order.

G.  This Confidentiality Agreement and Protective Order is without prejudice to the right of any party hereto to object to any discovery request except as to objections that relate to confidentiality.

H.  Entering into this Confidentiality Agreement and Protective Order, agreeing to and/or producing or receiving Confidential Documents or Confidential Information, or otherwise complying with the terms of this Confidentiality Agreement and Protective Order shall not: (i) waive, supersede, or amend the provisions of any prior confidentiality agreement between or among the Bank and any non-parties; (ii) be construed or operate as a waiver of any claim of domestic or foreign privilege or immunity with respect to the production of any document; or (iii) be deemed to modify or otherwise alter any applicable privileges, immunities, or prohibitions against disclosure of documents or information under domestic or foreign laws or regulations including, but not limited to, domestic or foreign bank secrecy laws, blocking laws, privacy laws or similar laws or regulations.

I.  All counsel for the Receiving Party shall maintain copies of any executed Consents they obtain pursuant to this Order for at least one year following final resolution of the Action, including any appeals arising therein.

J.  Persons may join in and become Parties to this Confidentiality Agreement and Protective Order, and become subject to its terms (i) by signing a Consent or (ii) by signing a counterpart of this Confidentiality Agreement and Protective Order (by counsel or individually) and serving all parties of record and filing same with the Court.

K.    Notices required pursuant to this Order shall be made to counsel for a Person (or, if unrepresented, to the Person directly) via facsimile and overnight delivery service and shall be deemed effective (i) if sent by facsimile, upon confirmation of receipt of such facsimile and (ii) if sent by overnight delivery, on the next business day following the date sent.

L.    Upon execution, this Confidentiality Agreement and Protective Order shall have the effect of an agreement among the signatories and is not conditioned on any eventual court orders, if any, approving this Confidentiality Agreement and Protective Order. Furthermore, nothing in this Confidentiality Agreement and Protective Order shall inhibit the Petitioners from commencing proceedings to execute upon assets, attach assets, or otherwise seek to satisfy their judgment based upon information provided by the Bank prior to this Court entering this Confidentiality Agreement and Protective Order as a final order of the Court.

M.    Any Confidential Information filed or otherwise submitted in any court proceeding related to the Action shall be lodged under seal, including, but not limited to:

1. the identity or name of the account holders or parties to wire transfers where the accounts or wire transfers involve assets blocked pursuant to applicable blocking regulations issued by the Office of Foreign Assets Control of the United States Treasury Department;

2. account numbers;

3. the amount in or of each account or wire transfer; and

4. any other specific information that contains confidential client or business information and/or information the disclosure of which may violate the privacy or bank secrecy laws of this or any other country.

Any person filing, submitting or otherwise using Confidential Information in any such proceeding shall make a reasonable effort to prevent the Confidential Information from becoming part of the public record, including, without limitation, seeking an order permanently excluding any Confidential Information used in the proceeding from the public record.

- 6 -

N.      Upon the earlier of (i) the determination by Petitioners that the information to be provided by the Bank is not needed for purposes of enforcing or satisfying the Judgment or (ii) the final adjudication of this turnover proceeding, and upon the Bank's written request, Petitioners shall request the return of all Confidential Information furnished to any Receiving Party by the Petitioners and return to the Bank all Confidential Information that has been furnished by the Bank pursuant to this Confidentiality Agreement that is in the possession of the Petitioners (including Confidential Information that was returned to the Petitioners by any Receiving Party).

O.      The obligations under this Agreement and Order shall survive the termination of the Action and continue to bind Petitioners and the Bank and the parties to whom Confidential Information is disclosed.

P.      This Agreement and Order may be signed by counsel in counterparts with the same force and effect as if all signatures appear on one document and email or facsimile copies of signatures shall have the same force and effect as original signatures.

Dated: New York, New York
         February ___, 2020

_____
Mark Deckman
Robert Santoro
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Telephone: 212-335-4500
Facsimile: 212-335-4501
mark.deckman@dlapiper.com
robert.santoro@dlapiper.com

and

Richard M. Kremen (Md. Fed. Bar No. 00532)
Kristy N. Grace (Md. Fed. Bar No. 29524)
DLA Piper LLP (US)
6225 Smith Ave.

- 7 -

Baltimore, MD 21209  
Telephone: 410-580-3000  
Facsimile: 410-580-3001  
richard.kremen@dlapiper.com  
kristy.grace@dlapiper.com  

*Attorneys for the Petitioners*

Dated: New York, New York  
February 5, 2020

Carmine D. Boccuzzi Jr.  
Cleary Gottlieb  
One Liberty Plaza  
New York, NY 10006  
Telephone: 212-225-2508  
Facsimile:  
cboccuzzi@cgsh.com  

*Attorney for Respondent*

SO ORDERED:

February 7, 2020

Judge Loretta A. Preska